(27 Misc. Rep. 693.)

### SCHMID v. DE GRAUW et al.

(Supreme Court, Special Term, New York County. June, 1899.)

1. JUDGMENTS—CONCLUSIVENESS OF ADJUDICATION.

    A judgment in an action for an injunction, holding that defendant is entitled to use a trade-name, is conclusive on such question in a subsequent action by him to enjoin the plaintiff in the former suit from using such name.

2. TRADE-MARKS AND TRADE-NAMES—RIGHT TO USE OF NAME.

    Where an established business is conducted under the name of G., A. & Co., others will be enjoined from doing a similar business as a corporation under the same name, although the names of two of the incorporators are G. and A.

Action by George F. Schmid against De Grauw, Aymar & Co. and others to restrain the infringement of a trade-name. Plaintiffs moved for an injunction pendente lite. Granted.

Carter & Ledyard, for plaintiff.

Brigham & Baylis, for defendants.

SCOTT, J. The plaintiff is the sole surviving partner of the firm of De Grauw, Aymar & Co., which was organized on January 1, 1881, and from that time until its dissolution by the death of Walter N. De Grauw, Jr., on November 23, 1894, was carried on by said Walter N. De Grauw, Jr., and the plaintiff. Since such dissolution the business has been carried on under the same firm name by the plaintiff, who purchased from the executors of said Walter N. De Grauw, Jr., the entire stock in trade of the business. The business of the firm is a very old one, having been established in 1827, and its fame and reputation under the firm name of De Grauw, Aymar & Co. has been widespread. The defendant Frederick L. De Grauw is a son of Walter N. De Grauw, Jr., and was employed by the firm and by plaintiff as the successor of the firm, until December, 1898, and was one of the executors of Walter N. De Grauw, Jr., and as such participated in the sale of the assets of the co-partnership to the plaintiff. The defendant Boyden was for many years in the employ of the firm of De Grauw, Aymar & Co., and after the dissolution of that firm remained in plaintiff's employ until December, 1898. In that month the defendant Frederick L. De Grauw, claiming under certain provisions of his father's will, and certain clauses in the co-partnership agreement between his father and the plaintiff, that he alone had the right to the use of the firm name of De Grauw, Aymar & Co., commenced an action in this court, and obtained a preliminary injunction restraining the plaintiff from using the said firm name. Upon appeal to the appellate division the preliminary injunction was dissolved, and it was decided that the defendant was entitled to continue the business under said firm name. De Grauw v. Schmid, 38 App. Div. 189, 56 N. Y. Supp. 593. This decision is conclusive so far as this motion is concerned, and it must be accepted as definitely determined that the plaintiff is lawfully entitled to carry on his business under the firm name or style of De Grauw, Aymar & Co. On February 11, 1899, the defendants De

Grauw, Boyden, and Aymar organized a corporation under the corporate name of De Grauw, Aymar & Co., for the purpose of carrying on the same character of business as that carried on by plaintiff, and under that corporate name they have carried on and are still carrying on such business. This action is brought to restrain their use of said name, and the present motion is for an injunction pendente lite. It having been authoritatively determined that the plaintiff has the right to use in his business the name of De Grauw, Aymar & Co., the sole question presented is whether the defendants have the right to use the same name for the prosecution of a similar and rival business. The principles upon which this question must be decided have been settled by the court of appeals in the well-known case of Chas. S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, although, in that case the plaintiff's case was less strong than that of the plaintiff here, because, while, in the present case, the name chosen by the defendants is identical with that which the plaintiff is entitled to use, in the Higgins Case there was so substantial a dissimilarity that the court said that, if the right to an injunction depended exclusively upon the comparison of the corporate names of the parties, and the inferences to be drawn from such comparison alone, and without reference to any extrinsic facts, it might well be doubted whether the names were so similar that the court could find that confusion and injury were likely to arise. In the present case, since the nature of plaintiff's and defendants' business is precisely the same, is carried on in the same city, and the name selected by the defendants is identical with that used by plaintiff, it is clear that confusion must, to some extent, at least, necessarily arise. The defendants seek to justify their adoption and use of the corporate name of De Grauw, Aymar & Co. by the fact that one of the corporators is named De Grauw and another Aymar, and rely upon Meneely v. Meneely, 62 N. Y. 427, in support of the proposition that every person has a natural right to use his family name in his business, and cannot be deprived of it, even if some one else has made a prior use of the same name in conducting a similar business. This is the precise contention which was made by the defendant in the Higgins Case, where the facts were very similar to those in the case at bar. Respecting this contention the court of appeals said:

"The defendant is a distinct person in the law from Charles S. Higgins, one of its corporators and officers. * * * It stands, in respect to the question involved in this litigation, in the same situation as if Charles S. Higgins had never been a corporator or stockholder. It cannot appropriate the name, or the trade-marks, or the business of the plaintiff by any simulation or deceit, because the law prohibits such appropriation by any person, natural or artificial; but the fact that Charles S. Higgins was active in organizing the defendant, or that he may have been actuated in so doing by feelings hostile to the plaintiff, or by a desire to injure its business, is, as we conceive, irrelevant to the case. The sole test of liability is whether the acts done, either in organizing the defendant or in the prosecution of its business subsequently, invaded any right of the prior corporation, or exceeded the boundaries of fair competition. On the other hand, we think it equally clear that the defendant derives no additional immunity from the fact that the name of 'Higgins' in its corporate name, was that of one or more of its corporators, or that Charles S. Higgins, or any one of that name, might engage in the soap business under

the family name, or that Charles S. Higgins, and the other corporators of the same name had consented to its use."

It must therefore be taken as the settled law applicable to this case that the right of the defendant corporation to use the name of De Grauw, Aymar & Co. is not strengthened or aided by the fact that two of its corporators are named, respectively, De Grauw and Aymar. The court of appeals then goes on to state the law to be that an exclusive right may be acquired in the name in which a business has been carried on, whether that of a partnership or of an individual, and that it will be protected against infringement by another who assumes it for the purpose of deception, or even innocently, if such use results to the detriment of another. The rule respecting the use of corporate names is declared to be the same as that applicable to the names of firms or corporations, and many instances are cited wherein the use of corporate names has been restrained upon principles analogous to those applied in trademark cases. As has already been said, not only is the name assumed by the defendant corporation identical with that which the plaintiff rightfully uses, but the nature of the business is identical, and must of necessity appeal to the same class of customers. The motion papers show clearly that confusion has already arisen through the similarity of names, and it seems to be inevitable that it will continue to arise. It may be said of this case, as was said by the court of appeals in the Higgins Case:

"The evidence shows that confusion has arisen, and it is a reasonable presumption that, if the defendant is permitted to continue to carry on the business of soap making under its present name, the public will be misled, and the plaintiff's trade diverted; the extent of such diversion increasing with the increase of the defendant's business."

The defendants, in organizing their corporation, had a wide range of names from which to choose. That they selected the particular one used by the plaintiff was undoubtedly due to the fact that they hoped thereby to attract to themselves some of the good will attached to the old and favorably known name of De Grauw, Aymar & Co., and thus secure, through the use of that name, a portion of the trade which the plaintiff enjoyed. Unquestionably, they hoped by the use of that name to induce persons to do business with them upon the assumption that they were the successors in business of the firm of which the plaintiff was in fact the successor. Their good faith in the adoption of the name in dispute is laid open to serious question by the fact that they associated with them the defendant Aymar, who acquired a merely nominal interest in the business, and was apparently brought into it only to give a colorable reason for using his family name in the corporate name, which was adopted. All of the material facts which, under the case above cited, entitle the plaintiff to an injunction, are either admitted, or so clearly proven, that it seems quite improbable that a different state of facts will be established upon the trial. Hence, upon the authority of the Higgins Case, which is amply supported by other cases in this state, in other states, in the federal courts, and in England, the motion for an injunction pendente lite must be granted,

with $10 costs, upon the plaintiff giving an undertaking in the sum of $5,000.

Motion granted, with $10 costs, upon plaintiff giving an undertaking.