[S. F. No. 2917.   Department One.—November 15, 1904.]

## DODGE STATIONERY COMPANY, Respondent, v. J. S. DODGE, and J. S. DODGE COMPANY, Appellants.

INJUNCTION—INTERFERENCE WITH GOOD-WILL OF BUSINESS—FRAUDU-
LENT REPRESENTATIONS AS TO IDENTITY.—An action may be sus-
tained to enjoin the defendants from attempting by fraudulent
representation to the effect that plaintiff's business is defendants'
business to appropriate the benefit of the good-will of plaintiff's
established business.

ID.—USE OF DEFENDANT'S SURNAME—INTENTION—CONSISTENCY OF FIND-
INGS.—Where the plaintiff's established business had used the
surname of an individual defendant, as a part of the good-will
of the plaintiff's business while he was connected with it, a finding
as to his intention to show his connection with the defendant
corporation is not inconsistent with a finding that he and his fellow-
corporators caused his name to be adopted therein with the intent
and for the purpose of defrauding the plaintiff and appropriating
to their own benefit the good-will of plaintiff's business.

ID.—SUPPORT OF FINDINGS.—Upon a review of the evidence in such
action, held, that the findings therein for the plaintiff are sustained
by sufficient testimony.

ID. — OWNERSHIP OF GOOD-WILL OF CORPORATE BUSINESS — VENDIBLE
INTEREST—RIGHTS OF STOCKHOLDERS.—The good-will of the business
of the plaintiff corporation is the property of the corporation
alone, and can be transferred only by it.   The defendant, whose
surname was used as an essential part of such good-will, and who
was a stockholder in the plaintiff corporation, had no vendible
interest in its good-will, and could not upon ceasing to be a stock-
holder transfer such good-will or any part thereof.

ID.—RIGHT TO USE OF ONE'S OWN NAME—RESTRICTION.—Though the
stockholder whose name was used by the plaintiff corporation, by
his consent, has the right after he ceases to be a stockholder
therein to use his own name in the same line of business, if he does
so legitimately, and cannot be restrained therefrom by contract;
and though the corporation has no proprietary interest in his
name, yet it is entitled to the good-will of its business, and he
cannot be permitted to injure it by palming off its business as his
own.

ID. — RIGHTS OF TRADING CORPORATION — EXPECTATION OF CONTINUED
PATRONAGE—PROTECTION IN EQUITY.—A trading corporation may,
equally with a private person, have a well-founded expectation of
continued public patronage, which constitutes the good-will of its
business under section 992 of the Civil Code, and may be pro-

tected by a court of equity against acts of the character complained of.

ID.—RIGHT TO USE OF NAME IN FORMING NEW CORPORATION—INTERFERENCE WITH PRIOR CORPORATION WITH SIMILAR NAME.—Though an individual has the right to do business in his own name, if he does so legitimately, yet he cannot confer upon a new corporation the right to use his name for the purpose of enabling it to engage in a business which had been conducted by a prior corporation under a similar name, which he had caused the prior corporation to use, where the similarity of names would create confusion, and enable the new corporation to obtain the business of the prior corporation.

ID.—INJUNCTION TO RESTRAIN SIMULATION.—In such case injunction will lie in favor of the prior corporation against the new corporation, and the defendant whose name is used by it to restrain the simulation so far as may be necessary to protect the rights of the prior corporation. The courts interfere in such cases solely for the purpose of preventing fraud, actual or constructive.

ID.—ACTUAL FRAUDULENT INTENT NOT ESSENTIAL.—It is immaterial whether the surname used by the plaintiff in its business was used by the defendant corporation on its signs with actual fraudulent intent. If the natural and necessary consequence of defendant's conduct was such as to cause deception, said defendant, knowing the facts, must be held to the same responsibility, even if it acted under the honest impression that no right of the plaintiff was invaded.

ID. — USE OF DEFENDANT'S NAME BY PLAINTIFF NOT A MISREPRESENTATION.—The use by the plaintiff of the corporate name conferred upon it by the act of the individual defendant is not a misrepresentation of the fact that any person of that name is connected with it after he ceased his connection therewith. The name, by his acts, had become so bound up in the plaintiff's business as to indicate the business itself carried on by it; and it indicated nothing more after his retirement.

ID.—EXTENT OF INJUNCTION.—Though in other respects the injunction granted was warranted by the case presented, it should not go to the extent of enjoining the defendant corporation from using its corporate name in some other line of business, nor should it enjoin the individual defendant in the matter of using his own name in carrying on the stationery business, to any greater extent than is necessary to protect against fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

A. E. Shaw, J. F. Riley, and Page, McCutchen, Harding & Knight, for Appellants.

A man has an inalienable right to the use of his own name, and any use of which incidentally interferes with the business of another having the same name is *damnum absque injuria.* (*Singer Mfg. Co.* v. *June Mfg. Co.,* 163 U. S. 169; *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540; *Turton* v. *Turton,* (1889) 42 Ch. Div. 128; *Harson* v. *Halkyard,* 22 R. I. 102; *Cutter* v. *Gudebrod Bros.,* 36 App. Div. 362; 55 N. Y. Supp. 298, 304 (s. c. 44 App. Div. 605, 61 N. Y. Supp. 225); *Elgin Butter Co.* v. *Elgin Creamery Co.,* 155 Ill. 127; *De Long* v. *De Long etc. Co.,* 10 Misc. Rep. 577; 32 N. Y. Supp. 203, 206; *Marcus Ward & Co.* v. *Ward,* 61 Hun, 625; 15 N. Y. Supp. 913; *Duryea* v. *National Starch Co.,* 79 Fed. 615; 101 Fed. 117; *Rock Springs Dist. Co.* v. *Monarch,* 15 Ky. Law Rep. 866; 22 S. W. 1028.)

Mastick, Van Fleet & Mastick, for Respondent.

The defendants should be absolutely enjoined from the use of a deceptive name interfering with the value of the goodwill of plaintiff's business. (*Weinstock* v. *Marks,* 109 Cal. 529, 538-539;[1] *Spicker* v. *Lash,* 102 Cal. 38; *Nolan Bros. Shoe Co.* v. *Nolan,* 131 Cal. 271;[2] *C. S. Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462;[3] *Garrett* v. *Garrett & Co.,* 78 Fed. 472; *Holmes* v. *Holmes etc. Co.,* 37 Conn. 278;[4] *Wyckoff* v. *Howe Scale Co.,* 110 Fed. 520; *Penberthy Injector Co.* v. *Lee,* 120 Mich. 174; *Wm. Rogers Co.* v. *Rogers etc. Co.,* 11 Fed. 495; *Walter Baker & Co.* v. *Sanders,* 80 Fed. 889; *Cash* v. *Cash,* 82 L. T. (N. S.) 655; *International Silver Co.* v. *Rogers Co.,* 110 Fed. 955; *Shaver* v. *Heller,* 108 Fed. 821; *Clark Thread Co.* v. *Armitage,* 67 Fed. 896; *Le Page Co.* v. *Russia Cement Co.,* 51 Fed. 943; *Stuart* v. *F. G. Stewart Co.,* 91 Fed. 243; *Schmid* v. *De Grauw,* 27 Misc. Rep. 693; 59 N. Y. Supp. 569; *De Long* v. *De Long etc. Co.,* 89 Hun, 399.) Though actual fraud strengthens the case, actual fraudulent intent is not essential where the name itself is a deception, or the acts done cause deception. (*Tussand* v. *Tussand,* 44 Ch. Div. 678, 693; *Le Page* v. *Russia Cement Co.,* 51 Fed. 941, 946-

[1] 50 Am. St. Rep. 57.        [3] 43 Am. St. Rep. 769.
[2] 82 Am. St. Rep. 346.        [4] 9 Am. Rep. 324.

947; *Holmes* v. *Holmes etc. Co.,* 37 Conn. 295-296;[1] *Stuart* v. *F. G. Stewart Co.,* 91 Fed. 243; *Taesdstiksfabriks etc.* v. *Myers,* 139 N. Y. 364; *Fuller* v. *Huff,* 104 Fed. 141, 145.)

ANGELLOTTI, J.—This action was brought to obtain a decree enjoining the defendants from maintaining certain signs, doing business under certain names and designations, or using the same in the conduct of their business, using or exhibiting certain samples, and enjoining the defendant corporation from using its corporate name, or any other name in colorable imitation of plaintiff's corporate name, in the conduct of its business.

Plaintiff had judgment substantially in accord with the prayer of its complaint, and defendants have appealed from such judgment.

The findings of the trial court and allegations of the complaint which are not denied by the answer show the following facts:—

Plaintiff was incorporated in August, 1894, for the purpose of buying, selling, and dealing in books, periodicals, and stationery, and carrying on a general engraving, typographing, and printing business, and has ever since been engaged in said business in the city and county of San Francisco. Defendant J. S. Dodge was one of the incorporators, its first president, and its general manager until September 17, 1900, when he sold and transferred all his stock to another, since which time he has not been a stockholder in the corporation, in any way interested therein, an officer thereof, or in its employ.

In March, 1896, plaintiff moved its place of business to No. 112 Post Street, and in March, 1899, to No. 123 Grant Avenue, where the business has ever since been conducted.

During the period that the business was being conducted at these places, with defendant J. S. Dodge as manager, said defendant Dodge usually advertised and conducted the business of plaintiff under the name of "Dodge's," that being the only name or device placed in a conspicuous manner on the signs used, and the signs used at 123 Grant Avenue containing simply the word "Dodge's," and no other word or designation whatever, and these conditions have ever since

[1] 9 Am. Rep. 324.

continued to exist. It was always the custom of plaintiff to stamp on the back of envelopes sold by it the word "Dodge's," with a designation of the street and number of its place of business.

During the time that the business of plaintiff has been conducted at these two places it has become well and favorably known to its customers as "Dodge's," and under that name plaintiff has built up and is now carrying on a large and profitable business, the corporate name being used only on billheads and correspondence.

Within a few months after parting with his stock in plaintiff corporation and ceasing to be interested therein,—viz., on January 2, 1901,—defendant J. S. Dodge, with four others, organized defendant corporation, the "J. S. Dodge Company," for the purpose of engaging in the same character of business as that followed by plaintiff. Said J. S. Dodge Company and J. S. Dodge hired a store at No. 209 Post Street, in the same block in which plaintiff's place of business is situated, and only one hundred feet distant therefrom, and placed thereon a conspicuous sign, as follows: "Dodge will occupy these premises on his return from New York with a complete stock of up-to-date stationery, etc., about March 1st." The word "Dodge" thereon was displayed in very large and conspicuous letters.

On April 1, 1901, they opened their stationery business therein, and have ever since maintained the same, the only signs displayed being several containing simply the word "Dodge," in large letters, and a large marble slab in the sidewalk in front of the store, containing simply the words "Dodge, Stationer." They have also stamped the envelopes sold by them with the words "Dodge's, 209 Post St., S. F.," and have done other things calculated to convey the impression that their establishment and that of plaintiff are identical.

There is not now, and has not been since September 17, 1900, any person by the name of "Dodge" connected in any way with plaintiff corporation.

The court also found that J. S. Dodge and his fellow-incorporators caused the name "J. S. Dodge Company" to be adopted as the name of defendant corporation, with the intent and for the purpose of defrauding the plaintiff, appropriat-

ing to their own benefit the good-will of plaintiff's business, and deluding and deceiving the customers of plaintiff and the public into the belief that the business theretofore conducted by plaintiff was being conducted by defendants; that the store at 209 Post Street was hired by the defendants, and the announcement by sign was made by them that "Dodge" would occupy the premises, for the same purpose and with the same intent; and that "if said defendants are permitted to continue to carry on said business at the place aforesaid, with the sign aforesaid, and under said corporate name, the customers of plaintiff and the public generally will be deceived and misled into believing that the store where the defendants are so conducting business is the store of plaintiff," to the great damage of plaintiff.

The court further found that J. S. Dodge had been engaged in the stationery, etc., business in San Francisco for more than twenty-five years, either individually, in partnership, or as stockholder in corporations; that in all firms or corporations with which he has been connected, the name "Dodge" has been used by him in the title of the firm or corporation; that he has during said time built up a large trade by his personal endeavor, "and has used said name 'Dodge' or 'Dodge's' for the purpose of notifying the public . . . and his patrons generally of the fact that he was connected with said partnership or corporation, and giving his personal attention and supervision to the business by them carried on." There was no finding that there was any fraudulent intent on the part of the defendants in so far as the use of the signs "Dodge" and "Dodge, Stationer" on and about the store at 209 Post Street, after the commencement of business therein was concerned, and the complaint contained no allegation as to any fraudulent intent in this respect.

The trial court by its decree enjoined defendants and each of them from maintaining in connection with their business at 209 Post Street, or at any other place where they may conduct a similar business, the signs now maintained, or any sign containing the name "Dodge" or "Dodge's" with or without initials or other words or devices, unless accompanied by an express and conspicuous statement that the business carried on under such sign is not the business heretofore carried on by plaintiff, and is not the business heretofore carried on

under the name of "Dodge's," and is not the business heretofore carried on at No. 112 Post Street and No. 123 Grant Avenue; from in any way carrying on such business under such names or any designation containing such names, without such accompanying statement; from using such names, or any description in any way containing such names, in the conduct of such business, without such an accompanying statement; and also enjoined defendant corporation from using its corporate name, "J. S. Dodge Co.," as its corporate name, and from doing any business under said name, or any name in colorable imitation of the corporate name of plaintiff.

We cannot say that the findings of the court as to the intent with which the defendant Dodge used his name in the title of the firms and corporations with which he had been connected are necessarily inconsistent. An intent to show his connection with the defendant corporation, J. S. Dodge Company, may have coexisted with an intent of himself and fellow-incorporators therein to adopt a certain corporate name for the purpose of misleading and deceiving the customers and patrons of plaintiff in the manner alleged and found.

Nor can we hold that the findings of the court are not, in all respects, either sustained by sufficient testimony or admitted by the pleadings.

As is usually the case, the intent must be determined from the acts and the circumstances attending their commission, and here the acts and circumstances were such as to sustain the conclusions of the trial court as evidenced by the findings. Under the circumstances appearing, there can be no doubt as to the correctness of the conclusion of the trial court as to the effect upon plaintiff's business of allowing defendants to continue their business at 209 Post Street with the signs now there and under said corporate name.

The question, then, is as to whether, upon these facts, plaintiff was entitled to any relief, and, if so, the extent thereof.

This action is not based upon the theory that by the sale of his stock in plaintiff corporation there was any transfer by defendant Dodge of the good-will of the business or of any good-will. The vendor of stock in a corporation has no vend-

ible interest in the good-will of the business carried on by the corporation, and cannot transfer any part thereof. The good-will of a business conducted by a corporation is the property of the corporation alone, and can be transferred only by it. It is not claimed, therefore, that Dodge, by the sale of his stock, contracted not to engage in the stationery business, for had he so purported to do, which he did not, his contract would have been void under the provisions of sections 1673 and 1674 of the Civil Code, there having been no transfer of the good-will of the business. (*Merchants Ad Sign Co.* v. *Sterling,* 124 Cal. 429.[1]) Admittedly, defendant Dodge, having terminated his connection with plaintiff, had the right to engage, whenever and wherever he saw fit so to do, in the same character of business as that carried on by plaintiff. Nor is the action based upon the claim of any proprietary interest in the name "Dodge's" or "Dodge."

The basis of plaintiff's action is, that defendants are attempting by fraudulent representations, to the effect that plaintiff's business is defendants' business, to appropriate the benefit of the good-will of plaintiff's established business. The rule upon which a judgment in favor of plaintiff must rest was well stated in *Weinstock* v. *Marks,* 109 Cal. 529, 539,[2] where this court, speaking through Mr. Justice Garoutte, said: "The fundamental principle underlying this entire branch of the law is, that no man has the right to sell his goods as the goods of a rival trader. . . . We think the principle may be broadly stated, that when one tradesman resorts to the use of any artifice or contrivance for the purpose of representing his goods or his business as the goods or business of a rival tradesman, thereby deceiving the people by causing them to trade with him when they intended to and would have otherwise traded with his rival, a fraud is committed—a fraud which a court of equity will not allow to thrive." This doctrine has been repeatedly stated in different forms by the courts, and is universally recognized, and we do not understand it to be disputed here. As pointed out in *Shaver* v. *Heller,* 108 Fed. 821, there is a distinction between a suit for the infringement of a trade-mark and an action to restrain unfair competition in trade. In the latter case, to which this action belongs, no proprietary interest in

[1] 71 Am. St. Rep. 94.    [2] 50 Am. St. Rep. 57.

the words or device imitated is requisite. It is sufficient that the plaintiff is entitled to the good-will of a business, and that this good-will is injured or is about to be injured by the palming off of the business or goods of another as his.

In passing, it may be said in response to a contention of defendants, that it appears clear to us that a trading corporation may, equally with a private person, have a well-founded expectation of continued public patronage, and this constitutes the good-will of its business (Civ. Code, sec. 992), which may be protected by a court of equity against acts of the character complained of. (*Weinstock* v. *Marks,* 109 Cal. 529, 539.[1])

Coming to the application of the principle under discussion, it is obvious that there is a very material distinction between the rights of the defendant Dodge and the defendant corporation, the J. S. Dodge Company. Dodge himself being entitled to engage in the stationery business, had the unquestionable right to engage in that business in his own name, so long as he did not resort to any artifice or contrivance for the purpose of producing the impression that the place of business conducted by him and that conducted by plaintiff were identical. It does not follow, however, that he could confer the right to use his name upon a corporation for the purpose of enabling that corporation to engage in a business which had been conducted by another corporation under a similar name, and it is well settled that he could not so do. This must be especially true where he himself caused the use of his name by the prior corporation. The distinction has been made in several cases. As has been said by the courts, a person comes naturally by his name from his parents, and it is a thing personal to himself, which in truth and in justice he has the right to use, provided he does not resort to artifices calculated to produce deception or confusion in the public mind between him and some other person to the injury of the latter, while the name given to a corporation is an artificial and impersonal thing, selected arbitrarily by the corporators themselves, and which can be selected from an entire vocabulary of names. "To say that one has the right to select his own name as the designation of a corporation is but another way of stating that he has a right to select any title from

[1] 50 Am. St. Rep. 57.

among the whole range of names; but it is not equivalent to a statement that he can give his own name to a corporation with a view to making it similar to that employed by other persons in the same business, to their or the public's injury." (*De Long* v. *De Long etc. Co.*, 89 Hun, 399, and 32 N. Y. Supp. 203. See, also, *Rogers etc.* v. *Rogers etc.*, 11 Fed. 495, 499.)

The defendant corporation is a distinct person in the law from J. S. Dodge, and its legal rights in the matter of the selection and use of a corporate name are precisely the same as if J. S. Dodge had never been connected with it. Whoever its incorporators might be, they had no right to fraudulently adopt a name similar to plaintiff's name for the purpose of palming off the business to be conducted by the new corporation as plaintiff's business, and thus invade the rights of the prior corporation. If the name so adopted was so similar to the name of the prior corporation as "to create confusion and enable the later corporation to obtain, by reason of the similarity of names, the business of the prior one," injunction will lie to restrain the simulation so far as may be necessary to protect the rights of the prior corporation, even to the extent of prohibiting the use of the name at all, the courts interfering in such cases solely for the purpose of preventing fraud, actual or constructive. (See *C. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462;[1] *De Long* v. *De Long etc. Co.*, 89 Hun, 399; *Garrett* v. *T. H. Garrett & Co.*, 78 Fed. 472; *Penberthy Injector Co.* v. *Lee*, 120 Mich. 174; *Schmid* v. *De Grauw*, 37 Misc. Rep. 693; 59 N. Y. Supp. 569.)

As to the similarity of the corporate names in this case, when the surrounding circumstances are taken into consideration, it is only necessary to refer to the opinion of the New York court of appeals in *C. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462.[1] While the names are not identical, and, standing alone, without taking into consideration the business conducted by defendant corporation, and for which it was formed, are not perhaps so similar as to justify a court from interfering, when we take into consideration the fact that defendant corporation was organized for and is conducting a stationery business, the similarity is apparent at once. As in the Higgins case, so here, as between these parties, the case is

[1] 43 Am. St. Rep. 769.

precisely the same as if defendant's corporate name contained a designation of its business, and the word "stationery" had been placed therein, making it the J. S. Dodge Stationery Company.

As to the rights of the courts to restrain such a company from using on its signs the term "Dodge's," a name under which plaintiff's business has become well and favorably known to the public, and under which plaintiff has built up a large and profitable business, or any term so similar thereto as to mislead the public into believing that the defendant's place of business is the same establishment that has been maintained by plaintiff under that name, there can be no question.

The term "Dodge" is of this character. It is not defendant's corporate name, and defendant corporation had no right to conduct its business under that name, in such a way as to convey the impression that it is the business conducted by plaintiff as "Dodge's." The fact that a man named Dodge is a stockholder therein or the manager thereof cannot, as we have already seen, affect this question. If the defendant corporation had desired simply to show that the J. S. Dodge who had formerly been connected with plaintiff had severed his connection therewith, and was now the manager of defendant, it could have done it in such a way as to invade no right of plaintiff.

It appears also to be immaterial in this connection whether or not such term, "Dodge," was used on the signs with actual fraudulent intent. If the natural and necessary consequence of said defendant's conduct in this respect was such as to cause deception, said defendant, knowing the facts, must be held to the same responsibility even if it acted under the honest impression that no right of the plaintiff was invaded. (*Higgins etc. Co.* v. *Higgins Soap Co.*, 144 N. Y. 462.[1])

As to the defendant J. S. Dodge, the plaintiff was also entitled to an injunction. While it is undoubtedly true that he has the right to engage in business in his own name, the books are full of cases to the effect that one will not be allowed to resort to any artifice or contrivance in the use of his own name for the purpose of deceiving the public as to the identity of his business or products. The cases generally, includ-

---

[1] 43 Am. St. Rep. 769.

ing several of those cited by learned counsel for defendants, recognize this qualification of the right to use one's own name. In *Singer Mfg. Co.* v. *June Mfg. Co.*, 163 U. S. 169, the first case cited by defendants upon this point, it is declared by the United States Supreme Court that though one may so use his name he cannot resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or the articles produced by him. It is the manner of the use rather than the use of the name itself that is prohibited in such cases.

In the case at bar the defendant Dodge adopted a method of indicating the new business carried on by him and the new corporation practically identical with that which he had previously caused the plaintiff to adopt, and under which its business had been built up, and was well and favorably known. That method was the placing on the signs the surname "Dodge" alone, indicating that the business theretofore carried on by plaintiff as "Dodge's" was being carried on at the new place. The natural and necessary consequence of using this name in this manner would be to mislead plaintiff's customers and divert plaintiff's trade, and Dodge must have known this. Each case of this character must depend upon its own circumstances, and we are of the opinion that the circumstances of this case are such as to justify a court in restraining defendant Dodge from the use of his own surname in such a manner as to cause the public to believe that a stationery business conducted by him is the same stationery business as that conducted by the plaintiff. The use of such surname in the manner indicated was entirely unnecessary to the exercise of the right of Dodge to do business in his own name, and was an artifice or contrivance which the law will not tolerate to another's detriment.

It is urged that plaintiff's complaint is devoid of equity in that, by the use of the word "Dodge's," it is attempting to trade upon the reputation of J. S. Dodge, who is no longer connected with it. Its use of the signs "Dodge's" without qualifying words, it is said, is a representation that J. S. Dodge is still connected therewith. The soundness of the principle invoked by defendants in support of their contention cannot be disputed. If the plaintiff had made any false representation in the respect stated, we would have a differ-

ent case. There has certainly been no misrepresentation in the matter of plaintiff's corporate name, and we do not understand that any such is claimed. It bears the name "The Dodge Stationery Company," the name selected by the defendant J. S. Dodge for it. That name does not import any declaration that there is any Dodge now connected with it. Upon this point it is sufficient to refer to the opinion in the case of *Holmes etc.* v. *Holmes etc. Co.*, 37 Conn. 278.[1]

As to the use of the word "Dodge's" by plaintiff, the business conducted *by plaintiff corporation* has become well and favorably known under that name. It may be that the skill and management of J. S. Dodge contributed in some degree to the favorable reputation of plaintiff, but it is immaterial what contributed thereto. The name "Dodge's," through J. S. Dodge's own acts, became so bound up with plaintiff's business as to indicate the business itself carried on by it, the Dodge Stationery Company, and the mere continuance of the use of that name after the retirement of Dodge indicated nothing more.

We have examined such rulings of the trial court in the matter of the admission of evidence as are complained of, and find nothing that could have prejudicially affected defendants' case.

The court below was justified in granting an injunction as against both defendants. We are, however, of the opinion that in some respects the injunction granted was, as is urged by defendants, too broad, and unnecessary to a proper protection of plaintiff's legal rights. Some cases have been cited by plaintiff in which the decree has absolutely enjoined the use of the name of the person or corporation, but an examination of these cases will develop the fact that in those cases generally, such extreme relief was absolutely essential to prevent a continuance of the fraud and the ensuing damage. Each case must necessarily stand upon its own facts.

The only object of a court of equity in such cases being to protect against the fraudulent representations, it will go no further than is necessary to accomplish that result. Any further step is an encroachment upon the legal rights of the defendant.

So far as the defendant corporation is concerned, the decree

---

[1] 9 Am. Rep. 324.

of the court is fully warranted, except in so far as it is enjoined from using its corporate name in any class of business different from that of plaintiff, or from using in such different class of business any other name in colorable imitation of plaintiff's corporate name. So long as the defendant corporation does not trench upon plaintiff's line of business, it should be at liberty to use its corporate name or any other name as it pleases.

As to the defendant Dodge, we do not see how it can be essential to the protection of the public or of the legal rights of plaintiff that he should be restrained from using his own name in the carrying on of the stationery business, if he chooses to engage therein, at some other place than No. 209 Post Street, unless he so qualifies that name by explanatory statements as to make the use extremely burdensome.

It may well be, as claimed by plaintiff, that as to the store at No. 209 Post Street, such an impression has been created by the misleading signs and statements, which will continue unless removed by defendants themselves, as justifies the relief granted against Dodge as to that place. So far as the decree enjoins Dodge from doing any of the acts specified therein at No. 209 Post Street, it was warranted by the case presented, and will not be disturbed.

So far, too, as the decree prohibits him from causing any business similar to plaintiff's to be carried on in the city and county of San Francisco under the simple designation "Dodge" or "Dodge's," or with signs containing those words alone, without a qualifying statement to the effect that the business so carried on is not the business heretofore carried on by plaintiff under the name "Dodge's" at No. 112 Post Street and No. 123 Grant Avenue, and from in any manner representing that any such business carried on by him is the same business heretofore carried on by plaintiff, or from in any way designating such business simply "Dodge" or "Dodge's," it was warranted by the case presented.

The decree should, in our opinion, so far as the defendant Dodge is personally concerned, go no further than this, and must be modified accordingly.

The cause is remanded to the superior court, with directions to modify the judgment in the respects indicated herein,

and when so modified said judgment shall stand affirmed. Defendants shall not recover their costs on this appeal.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.