[Civ. No. 1290.   Second Appellate District.—March 31, 1913.]

LOS ANGELES CREAMERY COMPANY (a Corporation), Appellant, v. J. R. NEWBERRY COMPANY (a Corporation), Respondent.

TRADE NAME OR MARK—"SANTA ANA" BUTTER—INJUNCTION TO PROTECT.—A complaint in an action to enjoin the sale, as "Santa Ana" butter, of any butter other than that manufactured by the plaintiff, alleging the plaintiff's exclusive right to the use of such name as applied to the manufacture of butter, and alleging that the city of Santa Ana is not a center of butter manufacturing or noted for its superior grade of butter, is insufficient.

ID.—NAME DESCRIPTIVE OF PLACE OF MANUFACTURE.—The words "Santa Ana" butter are descriptive of the place of manufacture, and therefore cannot be exclusively appropriated as a trademark or name.

ID.—FALSE AND MISLEADING LABELS.—The use of "Santa Ana" butter as a trade name amounts to a representation that butter so labeled is that of Santa Ana or vicinity; and if it is not produced at such place, the labels are false and misleading, and the person seeking to enjoin others from the use of such name is not entitled to relief.

ID.—MISREPRESENTATION AS BAR TO INJUNCTION.—Courts of equity will not interfere by injunction where there is any lack of truth in the plaintiff's case, that is, where there is any misrepresentation in his trademark or labels.

ID.—COMPLAINT IN ACTION TO ENJOIN USE OF NAME "SANTA ANA" BUTTER.—A complaint in an action to enjoin the use of the name "Santa Ana" butter is insufficient, if it does not intimate that the butter which the plaintiff markets is manufactured at or near Santa Ana; nor allege that the defendant's butter is other than

that produced at or near such; nor suggest that the labels, style of packing, or any other thing employed by defendant, is in imitation of plaintiff's goods, outside the use of the words "Santa Ana" on the labels, and the advertisements and oral representations that the defendant's butter is genuine Santa Ana butter.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Hatch, Lloyd & Hunt, and Lloyd, Hunt, Cheney & Geibel, for Appellant.

Haas & Dunnigan, for Respondent.

ALLEN, P. J.—The complaint of plaintiff alleged that in 1907 plaintiff purchased from H. A. Bingham Company (a corporation), the exclusive right to the use of the trade name "Santa Ana" as applied to the manufacture of butter, being words so used by said Bingham corporation and its predecessors for many years; that plaintiff adopted said words as a name under which to sell its butter in this state; that said words are printed upon the labels under which said butter is marketed; that plaintiff manufactures a superior grade of butter and the same has become favorably known and a large remunerative trade has resulted in consequence; that defendant is advertising and selling an inferior grade of butter and marketing the same under the brand "Santa Ana" butter, which name it prints upon the labels and advertises the same, thereby inducing the public to believe the same is plaintiff's butter.   That the city of Santa Ana is not a center of butter manufacture, or noted for its superior grade of butter.   That defendant has thus entered into and continues unfair competition with plaintiff.   The prayer of the complaint is for an injunctional order preventing defendant from selling or offering for sale as "Santa Ana" butter any butter other than that manufactured by plaintiff, or from doing any acts calculated to deceive the purchasing public as to the character of butter so sold, or interfering with plaintiff's established business and property, and for damages.   Defendant interposed a general demurrer to the complaint, and demurred specially upon

the grounds that it cannot be ascertained from the complaint whether plaintiff intends to allege that butter is not manufactured at said town in great quatities, or whether it is intended to allege that none is there manufactured; and further, that the complaint is uncertain in not designating the location of the city of Santa Ana, or to what city of that name plaintiff refers.   The demurrer was sustained by the court below, and the complaint not being amended judgment went for defendant, from which judgment an appeal is taken by plaintiff.

It sufficiently appears from the complaint that the words "Santa Ana" so employed refer to a city or locality of that name, and that the injunction is sought to restrain defendant from using the words "Santa Ana" as a name for butter marketed by it.   Construing the complaint liberally, as by our code required, it, nevertheless, is susceptible of no construction other than an admission that Santa Ana is a city where butter in other than great quantities is produced, and it must follow that the words "Santa Ana butter" are descriptive of the place of manufacture, and, therefore, under section 991 of the Civil Code, cannot be exclusively appropriated as a trademark or name.   A case is not presented by the complaint where one buys an established business with its goodwill and thereby acquires the rights of the vendor in a trade name, but, on the contrary, the plaintiff only claims to have purchased the right to the trade name, and alleges no facts tending to show that it is a successor in any sense of the business of the Bingham Company.   Assuming that a name descriptive of the place where a thing is produced may be used as and become a trade name entitling the user to protection in the use thereof, and a right to use which would pass by a sale of the business and goodwill, as would seem to be the doctrine of *Millbrae Co.* v. *Taylor,* 4 Cal. Unrep. 714, [25 L. R. A. 193, 37 Pac. 235], still that case restricts the use to the time in which it correctly represents the place of production and only countenances a transfer of the descriptive word as being a part of the goodwill of the business purchased.   We are of opinion that under the facts set forth in the complaint no right or property passed to plaintiff by the attempted purchase of a trade name as descriptive of a place where a thing is produced.   In addition, the case sought to be made out by plaintiff in its complaint is clearly within the rule approved

in *Joseph* v. *Macowsky,* 96 Cal. 521, [19 L. R. A. 53, 31 Pac. 915] : "Courts of equity will not interfere by injunction, where there is any lack of truth in the plaintiff's case; that is, where there is any misrepresentation in his trademark or labels." The use by plaintiff of such trade name amounts to a representation that its product is that of Santa Ana or vicinity. Plaintiff in its complaint does not state any facts from which the truth of this can be reasonably inferred; and if not so produced at such place, plaintiff's labels are false and misleading and it is not entitled to relief. Were this last named rule not applied, and were we to eliminate all matters with reference to the use of the words "Santa Ana," there would remain a question as to the sufficiency of the complaint to show that the defendant, a tradesman, resorts to the use of some article or contrivance for the purpose of representing his goods as the goods of a rival tradesman, thereby deceiving the public by causing them to trade with it when they intended to and would otherwise have traded with its rival, which, if shown, is said by our supreme court in *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 387, [78 Pac. 879], to be a fraud which a court of equity will not allow to thrive. It will be observed that the complaint does not intimate that the butter which plaintiff markets is produced or manufactured at or in the vicinity of Santa Ana, nor does it allege that defendant's butter is other than that produced at or in the vicinity of such place; nor is there any suggestion that the labels, style of packing, or any other matter or thing employed by defendant is in imitation of plaintiff's goods, outside of the employment of the words "Santa Ana" printed on the labels, and the oral representations and advertisements that defendant's butter is genuine Santa Ana butter. As to the printing of the words upon the label, plaintiff's exclusive right must exist only if the words are a valid, technical trademark or name. (*Italian-Swiss Colony* v. *Italian Vineyard Co.,* 158 Cal. 256, [32 L. R. A. (N. S.) 439, 110 Pac. 913].) The truth of the representations of defendant as to the genuineness of its butter is not controverted. We are unable to construe the complaint as stating facts indicating the employment of artifices calculated to deceive or to constitute any infringement upon plaintiff's rights of property.

We are of opinion, therefore, that the demurrer was properly sustained, and the judgment is affirmed.

James, J., and Shaw, J., concurred.