LUYTIES and others *v.* HOLLENDEER and others.

*(Circuit Court, S. D. New York.  April 20, 1887.)*

TRADE-MARKS—INFRINGEMENT—"KAISER" MINERAL WATER.

    A. adopted, in 1878, and registered in the patent-office in 1883, the name of "Kaiser," as a trade-mark for natural mineral water, and used it in foreign commerce, selling the water in bottles labeled "Kaiser Natural Mineral Water," with the words "Kaiser Water, Schwalheim," blown in the glass. For many years mineral water known as "Kaiserquelle" or "Kaiserbrunnen," —which in English means "Kaiser spring;" "Kaiser fountain,"—had been sold in various places in Europe, with the addition of the name of the place where the spring from which the water was obtained was located. *Held,* that the word "Kaiser" was not a valid trade-mark, as other parties had acquired and exercised the right to use it.

In Equity.  Bill for injunction and account.

*W. H. O'Dwyer,* for complainants.

*Louis C. Raegener,* for defendants.

WALLACE, J.  The complainants registered in the patent-office, July 11, 1883, the word "Kaiser," as a trade-mark for natural mineral water. They adopted the name as early as in 1878, and at the time of registration had used it, and have used it since, in foreign commerce, selling their mineral water in bottles labeled "Kaiser Natural Mineral Water," with the words "Kaiser Water, Schwalheim," blown in the glass. The defendants sell mineral water in bottles labeled "Kaiser Water, Birresborn Natural Mineral Water."  The bill is filed for an injunction and accounting.

Both parties are citizens of this state, and for that reason this court can entertain jurisdiction only upon the theory that the complainants have a valid trade-mark in the word registered, pursuant to the act of congress of March 3, 1881, and no relief can be granted because of any unlawful competition in trade by the defendants with the complainants. The question, therefore, is, whether the complaints have the exclusive right to appropriate the word "Kaiser" as a trade-mark for natural mineral water.

It is in proof that long before the complainants adopted the word as a trade-mark there were a number of springs of mineral waters located at different places in Europe known by the name of "Kaiserquelle" or "Kaiserbrunnen."  The English translation of these names is "Kaiser spring;" "Kaiser fountain."  Several of them were in Germany.  One was at Aachen, the waters of which were celebrated, and were in extensive demand in Europe, and had been sold in bottles labeled "Aachen, Kaiserquelle," and "Kaiserbrunnen," by the municipality of Aachen. These springs took their name from the sovereign of the country, and, except when the name of the place of location was used in conjunction with the name of the spring, the word "Kaiserquelle" or "Kaiserbrunnen" did not indicate the origin or the characteristics of any particular water.

Upon these facts it must be held that the complainants' selection of a

trade-mark is open to the objection that they have adopted a name which is descriptive of natural mineral waters that others had a prior right to sell by the same name, and more especially those from the springs of Aachen, the waters of which had been introduced to the public, sold, and became well known by the name of "Kaiserquelle" or "Kaiserbrunnen." The municipality of Aachen has certainly the prior right to use, as a trade-mark, a name which, when applied to mineral waters, signifies the waters of its own spring,—the Kaiser spring of Aachen. *Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.*, 45 N. Y. 291.

To entitle the name to equitable protection as a trade-mark, the right to its use must be exclusive, and not one which others can employ with as much truth as those who adopt it. *Canal Co.* v. *Clark*, 13 Wall. 311. As against the complainants, it would clearly be legitimate for the owners of any of the Kaiserquelle waters of Europe to sell them in this country, or in England, by the name of the Kaiser spring waters, or to sell them anywhere by a name which in any language would signify to the purchaser the true name of the article, and be descriptive of its origin and ownership. Kaiser spring waters and Kaiser Water, when used to describe natural mineral waters, mean the same thing; and the essential identity between the name adopted by the complainants, and that which others had a prior right to use, is not changed by omitting the word "spring." That word would be inevitably associated by a purchaser of the article with the rest of the name. If the complainants had adopted as their trade-mark the compound word "Kaiser water, Schwalheim," it is quite likely they would be entitled to protection. As it is, the bill must be dismissed.