[L. A. No. 2407. In Bank.—August 30, 1910.]

ITALIAN SWISS COLONY (a Corporation), Respondent, v. ITALIAN VINEYARD COMPANY (a Corporation), Appellant.

INJUNCTION—"UNFAIR COMPETITION"—SIMULATION OF GOODS—FRAUD-ULENT INTENT ESSENTIAL.—The rule that the law will afford protection against the "unfair competition" of one who seeks by imitation of label or package, or by other artifice to induce persons to deal with him in the belief that they are dealing with another, rests upon the basis of fraud. There must be the intent to deceive, or at least the doing of things reasonably likely to deceive.

ID.—ABSENCE OF TRADEMARK OR TRADE-NAME IMMATERIAL.—If the defendant can be shown to have put up his product with intent to palm it off as that of the plaintiff, and if it does in fact mislead the public, a case of "unfair competition" is made out, even though the plaintiff has shown no exclusive right in any trademark or trade-name.

ID.—INJUNCTION AGAINST "UNFAIR COMPETITION"—UNSUPPORTED.—The injunction cannot be supported as one against "unfair competition" where there are marked differences of appearance between the respective labels and packages, and the form of the bottles in which plaintiff's wine is placed and those in which defendant's wine is placed, and where the only common word used is one expressive of the "kind" of wine placed in plaintiff's bottles, and the wholly different "kind" of wine placed in defendant's bottles, and the word is used in such a manner as to disprove the existence of any fraudulent scheme to represent defendant's goods as those of the plaintiff. [Angellotti, J., Henshaw, J., and Lorigan, J., dissenting.]

ID.—INJUNCTION AGAINST VIOLATION OF TRADEMARK—QUESTION OF FRAUD NOT INVOLVED.—If the plaintiff has obtained the exclusive

right to a trademark, consisting of a form, symbol, or name appropriated by one who produces or deals in a particular thing, or conducts a particular business, to designate the origin or ownership thereof, he is entitled to restrain the infringement, whatever may be the motive or intent of the infringer. No question of fraud is involved in such case; but the relief is granted because a right of property in plaintiff's exclusive right to the use of his trademark has been invaded.

ID.—LAW OF TRADEMARKS.—DESCRIPTIVE WORDS AND PHRASES PROHIBITED.—There is no principle more fully settled in the law of trademarks, than that words or phrases which have been in common use, and which indicate the character, kind, quality, and composition of the thing, may not be appropriated by any one to his exclusive use.

ID.—DESCRIPTIVE TERMS IN FOREIGN LANGUAGE EXCLUDED.—The fact that descriptive terms in a foreign language are claimed as a trademark, does not take the case out of the general rule; but descriptive words in any language are excluded as the subject of a trademark.

ID.—USE OF WORD "TIPO" TO EXPRESS "TYPE" OR "KIND" OF ITALIAN WINE.—The Italian word "tipo" when used to express the "type" or "kind" of a particular brand of Italian wine made by the plaintiff, cannot be appropriated by it as a trademark, and the defendant was entitled to use the same word to express the "type" or "kind" of wholly different Italian wines manufactured thereby.

APPEAL from an order of the Superior Court of Los Angeles County granting a temporary injunction. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, and Frederick S. Lyon, for Appellant.

Naphtaly & Freidenrich, and Shankland & Chandler, for Respondent.

SLOSS, J.—Appeal by defendant from an order granting a temporary injunction. The action is one to restrain the infringement of an alleged trademark.

The complaint avers that since December 8, 1900, the plaintiff has been engaged in the business of manufacturing wines from grapes grown in California, and of selling such wines in said state and elsewhere. Prior to 1900 the same business was conducted for more than ten years by the Italian Swiss

Agricultural Colony, to all of whose rights the plaintiff succeeded on said eighth day of December, 1900. During this period of ten years preceding 1900, the Italian Swiss Agricultural Colony adopted and appropriated to its exclusive use, for the purpose of designating the origin and ownership of wine manufactured by it, the name of "Tipo," which had never theretofore been used by any one in connection with the manufacture or sale of wine. During said ten years, the Italian Swiss Agricultural Colony, and since 1900, the plaintiff, as its successor, has used said name of Tipo and affixed it to packages containing wine manufactured by it, and said wine was during all said time known to the public, and to dealers and consumers, as wine manufactured by the said Italian Swiss Agricultural Colony, or by the plaintiff, respectively. The registration of said trademark, under the provisions of the act of Congress of February 20, 1905, is alleged. It is averred that the plaintiff's wines have become well and favorably known to the public and to the trade by the name of "Tipo." The defendant is engaged in business of the same character as that of plaintiff. The complaint charges that said defendant, knowing of plaintiff's appropriation of the word "Tipo" to its exclusive use as a trademark, and knowing that plaintiff's wines were generally known by said name, and with the intent of defrauding the plaintiff and acquiring the benefits of its reputation, did wrongfully affix upon barrels and packages of wine manufactured by it, and known as Barbera wine and Puglia wine, the word "Tipo," with intent and purpose to palm off said wine for the wine of this plaintiff. The defendant threatening to continue such use of the word, the prayer of the complaint is for an injunction restraining the defendant from offering for sale or selling any wine under the name of Tipo; for an accounting of profits, and for other relief.

The application for an injunction *pendente lite* was heard upon this complaint, the answer of the defendant (both pleadings being verified) and certain affidavits and exhibits. The answer set up four separate defenses, but we think it will be sufficient to refer to the following denials and allegations contained in it. The defendant denies that the plaintiff or its predecessor used the word "Tipo" for the purpose of designating the origin or ownership of wine manufactured by it; and alleges that the word "Tipo" is an adjective of descrip-

tion, kind and quality and is a common word of the Italian language meaning "type" or "kind" or "having the properties or characteristics of" the thing with reference to which said word "Tipo" is used. It alleges that the word has been used by plaintiff as a descriptive term in connection with the word "Chianti," to designate that its wine was a type of the well-known Chianti wine manufactured in Italy. The defendant has been manufacturing wines having characteristics similar to those of other Italian wines, to wit, those known as "Barbera," "Puglia," and "Gragnano"—and has branded and marked them, as "Tipo Barbera," "Tipo Puglia," and "Tipo Gragnano," in order to indicate that its said wines were, respectively, of the type of the said Italian wines.

An affidavit offered by defendant supported the averments of the answer to the effect that "tipo" is an Italian word in common use signifying type or kind, and that when used in connection with the name of a certain kind of wine, such as, for example, "Barbera," it signifies wine of the general characteristics or qualities of such kind of wine. In this regard, there was no conflict in the evidence, the affidavits on behalf of plaintiff going no further than to allege that its wines, red and white, put up under the name of "Tipo Chianti," had become known to customers as "Tipo Red" and "Tipo White," and that the word "Tipo" had become known to customers and consumers as indicating a wine manufactured by the Italian Swiss Colony. The exhibits, consisting of bottles of the wines manufactured and sold by the plaintiff and the defendant respectively have been brought here on this appeal. They bear out defendant's averments that plaintiff was putting up its wines under the name of "Tipo Chianti," and that defendant's product was offered to the public as "Tipo Barbera" and "Tipo Puglia." An inspection of the exhibits shows, further, the most marked differences of appearance between the respective packages and labels. The bottle of plaintiff is distinctive in shape and style. It is bulbous in form, tapering to a narrow neck. Its lower half is encased in a hemp or straw jacket. The defendant's packages are in the form of the ordinary straight-sided claret bottle. The respective labels are totally different in size, shape, color, and device. The sole point of resemblance between the two is in the use of the word "Tipo."

That the law will afford protection against the "unfair

competition" of one who seeks, by imitation of label or package or by other artifice, to induce persons to deal with him in the belief that they are dealing with another, is, of course, well settled. (*Pierce* v. *Guittard,* 68 Cal. 68, [58 Am. Rep. 1, 8 Pac. 645] ; *Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, [50 Am. St. Rep. 57, 42 Pac. 142] ; *Dodge S. Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879] ; *Banzhaf* v. *Chase,* 150 Cal. 180, [88 Pac. 704].) All of these cases rest upon the basis of fraud. There must be the intent to deceive, or, at least, the doing of things reasonably likely to deceive. (12 Ency. of Ev., 650; *Lawrence Mfg. Co.* v. *Tenn. Mfg. Co.,* 138 U. S. 537, [11 Sup. Ct. 396] ; *Deering Harv. Co.* v. *Whitman Co.,* 91 Fed. 376, [33 C. C. A. 558].) If the defendant can be shown to have put up his product with intent to palm it off as that of plaintiff, and if it does in fact tend to mislead the purchasing public, a case is made out, even though the plaintiff has shown no exclusive right in any trademark or trade-name.

But a technical trademark stands upon an entirely different ground. A trademark is a form, symbol, or name, appropriated by one who produces or deals in a particular thing, or conducts a particular business, to designate the origin or ownership thereof. (Civ. Code, sec. 991.) If a plaintiff has obtained the exclusive right to such trademark, he is entitled to restrain an infringement, whatever the motive or intent of the infringer. (12 Ency. of Ev., 638.) In such cases the relief is granted, not on the ground of fraud, but because a right of property, i. e., plaintiff's exclusive right to the use of his trademark, has been invaded. It is clear on the facts shown by the record before us, that this case must stand as one for the infringement of a trademark, and that the injunction cannot be supported as one directed against unfair competition. There is no attempt to allege, or to show, any simulation of plaintiff's goods with the intent or effect of deceiving the public, unless such intent and effect can be found in the use of the word "tipo." And this word is used in a manner which absolutely disproves the existence of any fraudulent scheme to represent defendant's goods as those of plaintiff. The injunction does not purport to merely limit the use of the word "tipo" to such extent as may be necessary to prevent deception, as it should in a case of unfair competition (*Dodge S. Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879]),

but absolutely prohibits the defendant from using the word at all. This order (which follows the prayer of the complaint) can be supported only upon the ground that plaintiff has the exclusive right to use the word "tipo" in any manner as a name for wines. And such exclusive right can exist only if the word is a valid technical trademark.

As we have pointed out, the showing made on the hearing established beyond question that the word "tipo" is an Italian word in common use, and that it signifies "type" or "kind." If it were. a term of the English language, it would, as is at once apparent, not be available for appropriation as a trademark in the connection in which it was used by plaintiff and its predecessor. "There is no principle more firmly settled in the law of trademarks than that words or phrases which have been in common use, and which indicate the character, kind, quality and composition of the thing, may not be appropriated by any one to his exclusive use." (*Caswell v. Davis,* 58 N. Y. 223, [17 Am. Rep. 233]; *Amoskeag Mfg. Co.* v. *Speer,* 2 Sandf. (N. Y.) 599; *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, [14 Sup. Ct. 151]; *Falkinburg* v. *Lucy,* 35 Cal. 52, [95 Am. Dec. 76]; *Choynski* v. *Cohen,* 39 Cal. 501, . [2 Am. Rep. 476]; *Schmidt* v. *Brieg,* 100 Cal. 672, [35 Pac. 623]; *Spieker* v. *Lash,* 102 Cal. 38, [36 Pac. 362].) This rule, fundamental in the law of trademarks, finds statutory recognition in section 991 of the Civil Code, which prohibits the appropriation as a trademark of "any designation, or part of a designation, which relates only to the name, quality, or the description of the thing or business, or the place where the thing is produced, or the business is carried on." That such expressions as "Chianti Type," or "Barbera Type," or the like, would be descriptive of kinds of wine, is obvious.

Is the case taken out of the general rule by the fact that the descriptive term used is adopted from a foreign language? The authorities, virtually without conflict, answer this question in the negative. In *In re Farbenfabriken's Trademark,* 63 L. J. Ch. 257, it was held by the English court of appeals that the word "Somatose," composed of the Greek word "soma" and the suffix "tose." was not entitled to registration under a statute authorizing the registration as a trademark of "a word or words having no reference to the character or quality of the goods." So as to the word "Monobrut,"

CLVIII Cal.—17

a combination of foreign words applied to champagne and found by the court to be descriptive. (*In re Vignier's Trademark "Monobrut,"* 61 L. J., N. S. 495.) In *Davis* v. *Stribolt,* 59 L. T., N. S. 854, the Norwegian term "Bokol," meaning the same as the German "Bock Bier," was first used by the plaintiffs in England. It was held, however, that they could gain no exclusive right to the use of such a descriptive mark. In *Eastman P. M. Co.* v. *Comptroller-General,* 79 L. T., N. S., 195, the House of Lords overruled the Farbenfabriken case on a point of statutory construction not here involved, but the lord chancellor took occasion to express the view that "where any English word would be rejected as not entitled to registration, no person ought to be permitted to register its translation into any other language." In our own court, a similar view was expressed in *Burke* v. *Cassin,* 45 Cal. 467, [13 Am. Rep. 204]. There the plaintiff sought to establish an exclusive right to use the word "schnapps" as a trademark applied to gin. But it appeared that "schnapps" was a Dutch word which had been in common use in Holland, and to some extent in the United States, to designate gin. "That word, therefore," said the court, "could not be appropriated by the plaintiff as his trademark. Had it not been used in New York, or elsewhere in the United States, as the name of gin, prior to its adoption by the plaintiff, he still could not maintain his claim to it. Could he secure his claim to the word on the ground that it was not in use in the United States, prior to the time when he adopted it, the law for the protection of trademarks would be shorn of most of its strength, for on the same principle other persons would be at liberty to adopt and use the word in other cities, states or countries, if at the time of its adoption by them it was not in use in such cities, states or countries." (See, also, *Bolander* v. *Peterson,* 136 Ill. 215; *Luyties* v. *Hollender,* 30 Fed. 632.)

The respondent cites no authority questioning the rule as just stated. Indeed, it places its reliance upon the contention that defendant is guilty of "unfair competition," rather than upon infringement of trademark. We have already stated our reasons for holding this position to be untenable.

We are not called upon to decide, and do not undertake to decide, whether a valid trademark right could be based

upon the use of the word "tipo," standing alone. That term, not associated with the name of any kind of product, might, perhaps, be regarded as in itself meaningless, and therefore capable of adoption as a fancy name or symbol. The person first using it might be in a position to restrain a similarly restricted use by others. But, while the allegations of the complaint indicate such adoption and use, the evidence, and more particularly the exhibits, show clearly that the word was used by plaintiff as part of the phrase "Tipo Chianti." So used it was unquestionably descriptive.

Upon the whole case we see no ground upon which an injunction can be sustained.

The order appealed from is reversed.

Shaw, J., Melvin, J., and Beatty, C. J., concurred.

ANGELLOTTI, J., dissenting.—I dissent. While I agree with Justice Sloss to the effect that the word "tipo" is not such a word as is available for appropriation by plaintiff as a trademark in the connection in which it is used, I am of the opinion that a sufficient showing was made to warrant the lower court in concluding that the case was within the rule against unfair competition, as declared in such cases as *Pierce* v. *Guittard,* 68 Cal. 68, [58 Am. Rep. 1, 8 Pac. 645] ; *Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, [50 Am. St. Rep. 57, 42 Pac. 142] ; *Dodge S. Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879], and *Banzhof* v. *Chase,* 150 Cal. 180, [88 Pac. 704].

Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.