[L. A. No. 2988.    Department Two.—March 7, 1913.]

R. H. DUNSTON, Doing Business Under the Name and Style
of LOS ANGELES VAN, TRUCK & STORAGE COM-
PANY, Respondent, v. LOS ANGELES VAN & STOR-
AGE COMPANY (a Corporation), and L. LICHTEN-
BERGER et al., Appellants.

TRADEMARK—CERTIFICATE OF SECRETARY OF STATE.—A certificate of the
secretary of state merely declaring that a certain person has filed
"a claim to a trademark to be used in connection with van, truck,
and storage business. Said trademark consists of the words 'Los
Angeles Van, Truck & Storage Company,' a description of which is
more fully set forth in the specifications attached to and made a part
of the claim to trademark above referred to," cannot be construed
as a certificate awarding an exclusive trademark in the indicated
name.

ID.—NAME REFERRING TO PLACE AND NATURE OF BUSINESS.—Under sec-
tion 991 of the Civil Code, the name "Los Angeles Van, Truck and
Storage Company," cannot be appropriated as an exclusive trade-
mark, for the reason that it has reference in its first words to the
place of business, and in the remaining words to a description of
the business.

ID.—EQUITABLE RELIEF—INVALID TRADEMARK.—A person attempting to
appropriate such name as a trademark, cannot obtain equitable relief
based merely upon an asserted invasion of his property rights therein
as a trademark.

ID.—UNFAIR TRADE—RELIEF BASED UPON FRAUD AND DECEIT OF COM-
PETITORS—FRAUD MUST BE PLEADED.—In the interest of fair com-
mercial dealing, courts of equity, where a person has been first in
the field doing business under a given name, will protect him to the
extent of making competitors use reasonable precautions to prevent
deceit and fraud upon the public and upon the business first in the

field.  Relief in such cases rests upon the fraud or deceit which the later comer into the business field is practicing upon the earlier comer and upon the public.  Such fraud and deceit is not presumed but must be pleaded and shown.

Id.—Similarity of Names not Conclusive of Fraud.—The use by the second comer in the business field of a name similar to that used by the first comer is not in itself sufficient to establish such fraud. There must be such a misuse of the name by advertising and soliciting as amounts to fraud, and without proof thereof no relief may be granted.

Id.—Conspicuous Advertising by Similar Name—Confusion to Business.—The use by the second comer of a similar name, even for conspicuous advertising, so long as the advertisements are true, is not a violation of any of the first comer's rights.  The fact that confusion to the business of the first comer results from such use in itself affords no ground for relief.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, for Appellants.

Trusten P. Dyer, and H. C. Schultz, for Respondent.

HENSHAW, J.—Plaintiff alleged that in the year 1896, in the city of Los Angeles, he established the business of moving, hauling, trucking and storing.  To this business he gave the name of "Los Angeles Van, Truck & Storage Company."  In 1902 he made application to the state of California to have that name registered and trademarked, and on the thirteenth day of August, 1902, there was issued to plaintiff a certificate by the secretary of the state of California "granting said R. H. Dunston the sole and exclusive right to use and appropriate said name of Los Angeles Van, Truck & Storage Company to his said business."  Ever since the year 1896 to and including the present time plaintiff has been and is conducting his business under this name.  By reason of the competent and efficient manner in which he has so conducted it he has gained for his business known as the Los Angeles Van, Truck & Storage Company a widespread and valuable reputation, and he commanded and still commands an extensive pat-

ronage throughout the county of Los Angeles which is, and for many years last past has been, a source of great profit to him. In 1910 the defendants "willfully, wrongfully and unlawfully disregarding the rights of this plaintiff, willfully, wrongfully, unlawfully and fraudulently used and appropriated the name of Los Angeles Van & Storage Company for conducting a similar business to that of the plaintiff herein in the city of Los Angeles," and on or about the eighth day of April, 1910, the defendants, and each of them, formed and organized a corporation by the said name of Los Angeles Van & Storage Company under the laws of the state of California, and ever since said time have carried on their said business under said name of Los Angeles Van & Storage Company with intent to deceive and defraud the public and patrons of the plaintiff herein and to injure and defraud this plaintiff and deprive him of his profits and of the business acquired by his valuable reputation as aforesaid." The defendants at all times have been advised and informed "that the said imitation name of Los Angeles Van & Storage Company has been pirated and simulated and is an infringement and fraudulent counterfeit of the name used, issued to and adopted by this plaintiff." "The name used by the defendants herein was calculated and intended to deceive the patrons of this plaintiff and the public in general, and said name of Los Angeles Van & Storage Company has actually misled and does still mislead many of them to patronize the defendants herein, in the belief that they, the said public, are placing said orders and patronage with this plaintiff, greatly to the diminution and damage of the business and profits of this plaintiff." Plaintiff further alleges that the business carried on by defendants "under the name of Los Angeles Van & Storage Company, in imitation of the said name of this plaintiff, is greatly inferior, and that by reason of the premises, the esteem and reputation of plaintiff's said business has been injured, greatly to the diminution and damage of the business and profits of this plaintiff." Defendants "have caused, and do still cause, an advertisement of their said business, Los Angeles Van & Storage Company, to appear in extra large letters directly ahead of the telephone numbers and address of this plaintiff, in the directory of the Home Telephone Company of Los Angeles, which act and advertising on the part of the defendants

herein are contrary to equity, and greatly injure and damage the business of said plaintiff.'' Defendants ''have advertised their said business under said name of Los Angeles Van & Storage Company in various ways and places, and by said acts have secured orders intended to be given to this plaintiff, all to the great diminution and damage of the business and profits of this plaintiff.'' That after request and demand by plaintiff, defendants have refused to desist from the use of the name in the telephone directories and elsewhere. The prayer of this complaint, besides the prayer for general relief, is that a perpetual injunction be issued enjoining the defendants ''from using said name of Los Angeles Van & Storage Company, to the injury and damage of plaintiff, and that the defendants herein, and each of them, be enjoined and restrained from publishing or advertising their said business under said name of Los Angeles Van & Storage Company.''

The quotations from the complaint have been made thus full for the reason that the appellants argue that the complaint charges simply a violation of a property right in a registered trademark, whereas respondent insists that it not only so charges, but that aside from the property right in the registered trademark, the complaint also charges unfair dealing. This appeal is from the judgment granting the injunction. The findings therefore become of especial importance in considering upon what facts the court actually based its decree.

The court found in accordance with the allegations of the complaint as to the character of the business of the plaintiff, its conduct under the name of Los Angeles Van, Truck & Storage Company and that there was issued a certificate by the secretary of state of the state of California granting plaintiff ''the sole and exclusive right to use and appropriate said name of Los Angeles Van, Truck & Storage Company.'' The court further found in accordance with the allegations of the complaint that defendants did ''willfully, wrongfully, unlawfully and fraudulently use and appropriate the name of Los Angeles Van & Storage Company for conducting a similar business to that of the plaintiff''; and found, as alleged in the complaint, that defendants organized the corporation under this name and ever since have carried on their business under this name, ''thereby causing loss and damage to the said business of said plaintiff herein and creating much confusion in

the conducting of said business." It found that the defend-ants caused and cause "an advertisement of their said busi-ness, Los Angeles Van & Storage Company, to appear in extra large letters directly ahead of the telephone and address of this plaintiff, and have advertised their said business under said name in various other ways and places." Finally, it found "that the plaintiff, having had the prior and exclusive use of said name Los Angeles Van, Truck & Storage Company, the defendants herein, or neither of them, have any right to use said name Los Angeles Van & Storage Company, for the reason that the use of said name Los Angeles Van & Storage Company, by the defendants herein, is of damage to the plain-tiff herein, and is calculated to deceive the customers of the said plaintiff."

It would appear from a reading of these findings that the judgment of the court was based upon the protection which the law gives to a trademark. This is made manifest from the court's finding that the certificate by the secretary of state was issued granting to plaintiff "the sole and exclusive right to use and appropriate said name of Los Angeles Van, Truck & Storage Company." If this were so no question of unfair dealing would arise. The question to be resolved would be simply whether the similar name adopted by defendants and used by them was an infringement upon plaintiff's property rights in the trademark name. But the finding of the court to this effect cannot be supported for two reasons. The first, that the secretary of state did not pretend to issue or certify to the issuance of an exclusive right to plaintiff to use the indicated name. The secretary of state by his certificate merely declared that plaintiff had filed "a claim to a trade-mark to be used in connection with van, truck and storage business. Said trademark consists of the words 'Los Angeles Van, Truck & Storage Company,' a description of which is more fully set forth in the specification attached to and made a part of the claim to trademark above referred to." Such a certificate of a claim to a trademark is obviously a very dif-ferent thing from a certificate awarding an exclusive trade-mark. But, second, and more important, is the fact that the trade name used by plaintiff is not susceptible under our law of exclusive use, and, therefore, of protection as an exclusive trademark or name. This proposition is completely covered

by section 991 of our Civil Code, which declares: "One who
. . . conducts a particular business . . . cannot exclusively
appropriate any designation, or part of a designation, which
relates only (a) to the name . . . or (b) the description of
the . . . business, or (c) the place where the . . . business is
carried on." It is too apparent to need discussion that the
name here employed by plaintiff has reference in its first words
to the place of business; in the remaining words to a descrip-
tion of the business. Such names, titles or designations are
not the subject of exclusive copyright or trademark. (*Eggers*
v. *Hink,* 63 Cal. 445, [49 Am. Rep. 96]; *Schmidt* v. *Brieg,*
100 Cal. 672, [22 L. R. A. 790, 35 Pac. 623]; *Castle* v. *Sieg-
fried,* 103 Cal. 71, [37 Pac. 211]; *Hainque* v. *Cyclops Iron
Works,* 136 Cal. 351, [68 Pac. 1014]; *American Wine Co.* v.
*Kohlman,* 158 Fed. 830.)

It follows, therefore, since the plaintiff cannot acquire an
exclusive property right in the associated words "Los Angeles
Van, Truck & Storage Company," any relief based upon an
asserted invasion of this exclusive trademark is without war-
rant (*Italian-Swiss Colony* v. *Italian Vineyard Co.,* 158 Cal.
252, [32 L. R. A. (N. S.) 439, 110 Pac. 913].)

As the judgment cannot thus be supported upon the theory
of an invasion of an exclusive right to property in a trade-
mark, the only ground for the support of the judgment is that
which has come to be known as "unfair trade dealing." This
is but a succinct statement of the principle that in the interest
of fair commercial dealing courts of equity, where one has
been first in the field doing business under a given name, will
protect that person to the extent of making competitors use
reasonable precautions to prevent deceit and fraud upon the
public and upon the business first in the field. (*Spieker* v.
*Lash,* 102 Cal. 38, 36 Pac. 362]; *Waltham Watch Co.* v. *United
States Watch Co.,* 173 Mass. 85, [73 Am. St. Rep. 265, 43 L.
R. A. 826, 53 N. E. 141]; *Shaver* v. *Shaver,* 54 Iowa 208, [37
Am. Rep. 194, 6 N. W. 188]; *Newman* v. *Alvord,* 51 N. Y. 189,
[10 Am. Rep. 588].) But, as has been intimated, relief in
such cases really rests upon the deceit or fraud which the later
comer into the business field is practicing upon the earlier
comer and upon the public. Like all other kinds of fraud and
deceit this is not presumed but must be pleaded and shown.
Since plaintiff had no exclusive property right by way of

trademark in the use of the name, it follows that the mere similarity of names does not establish the fraud. It must be such a misuse of the name by advertising and soliciting as amounts to fraud, and without this proof no relief may be granted, for, as is said by the supreme court of the United States in *Canal Co.* v. *Clark,* 13 Wall. 311, [20 L. Ed. 851]: ''True it may be that the use by a second producer, in describing truthfully his product, of a name or a combination of words already in use by another, may have the effect of causing the public to mistake as to the origin or ownership of the product; but if it is just as true in its application to his goods as it is to those of another who first applied it and who, therefore, claims an exclusive right to use it, there is no legal or moral wrong done. Purchasers may be mistaken, but they are not deceived by false representations, and equity will not enjoin against telling the truth.'' The findings absolutely fail to show such fraud, imposition, or deceit. Since the use by the defendants of the similar name which they have selected is not forbidden by law, the use of it even for conspicuous advertising so long as the advertisements are true, is not a violation of any of plaintiff's rights. The fact that confusion to the business of the plaintiff has resulted from acts not in themselves illegitimate, of itself affords no ground for relief.

It follows herefrom that the judgment must be reversed and the cause remanded, and it is so ordered accordingly.

Melvin, J., and Lorigan, J., concurred.