[Civ. No. 3034.  First Appellate District, Division Two.—October 14, 1919.]

BRADFORD BAKING COMPANY (a Corporation), Appellant, v. WEBER BAKING COMPANY, Respondent.

[1] Trade Name—Use of to Promote Unfair Competition—Injunction.—A name or mark of such a nature that no one may acquire an exclusive right to its use, and which cannot become a trademark, may become a trade name and the use of it to promote

---

1.  Use of personal or corporate trade name as unfair competition, notes, 2 Ann. Cas. 415; 16 Ann. Cas. 596.

unfair competition may be prevented or redressed; and as against a particular defendant using the name upon a similar product, it is only necessary to show such facts as to put in operation the rules governing unfair competition. It is not necessary that the defendant should have duplicated the label used by the plaintiff before relief may be had.

[2] ID.—USE OF WORDS "GERMAN TOAST" ON BREAD WRAPPERS—UNFAIR COMPETITION—INJUNCTION.—In this action brought to enjoin the defendant from using the words "German Toast" upon wrappers used on bread manufactured by the defendant, the court should have found from the admitted facts and the exhibits in evidence that the plaintiff had acquired the right to the use of the term as a trade name for its bread as against the defendant, and that the defendant was guilty of unfair competition in the use of its said label upon its bread; and an injunction should have been granted restraining the defendant from using the said wrappers on the bread manufactured and sold by it.

[3] ID.—VOLUNTARY ABANDONMENT OF USE OF NAME—RIGHT TO INJUNCTION.—In such an action the plaintiff is entitled to an injunction notwithstanding the defendant has voluntarily abandoned the use of the label in question.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Richard A. Dunnigan for Appellant.

Clyde E. Cate for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the defendant in an action brought to enjoin the defendant from using the words "German Toast" upon wrappers used on bread manufactured by the defendant. The action was based upon the ground that the words "German Toast" had been copyrighted by plaintiff, and upon the further ground that the use of these words by the defendant upon its wrappers was with the fraudulent intent to injure and divert the business of the plaintiff and to deceive and mislead previous purchasers and consumers of the plaintiff's bread. At the time of the trial the parties stipulated that all the facts set forth in the complaint were true, except that defendant specifically denied that the name "German Toast" was susceptible of being appropriated as a trademark, and

also specifically denied that the wrappers used by the defendant are similar to those used by the plaintiff, and also denied that said wrappers used by the defendant are such wrappers as would have a tendency to deceive the public or to cause the public to believe that the bread manufactured by defendant was the same bread sold by the plaintiff. No evidence was introduced other than the wrappers used by the plaintiff and the defendant. The appellant urges two points for a reversal: First, that the words "German Toast" were the subject of registration and were registered by the plaintiff, who thereby acquired a property right in the same, and, second, that even though the first contention be unsound, yet the plaintiff had used its label and trade name for about four years and built up a demand for the product so designated before the defendant applied the name to its product, and that the defendant was guilty of a fraud in using this name subsequently with reference to a product of the same character as the product of the plaintiff.

It is not necessary for us to decide here whether the words "German Toast" are words in which the plaintiff may acquire a property right as a trademark; [1] because a name or mark of such a nature that no one may acquire an exclusive right to its use, and which cannot become a trademark, may become a trade name and the use of it to promote unfair competition may be prevented or redressed. (38 Cyc. 684; *Schmidt* v. *Breig,* 100 Cal. 672, [22 L. R. A. 790, 35 Pac. 623]; *Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 535, 536, [50 Am. St. Rep. 57, 30 L. R. A. 182, 42 Pac. 142].) As against a particular defendant using the name upon a similar product, it is only necessary to show such facts as to put in operation the rules governing unfair competition. The facts bearing upon this question which were alleged in the complaint and admitted by the stipulation are that the plaintiff and its predecessors in interest have continuously, since the twentieth day of March, 1913, been the manufacturers and venders of bread, and that said plaintiff and its predecessors have been the exclusive owners of the trademark, label, and trade name consisting of the phrase "German Toast" since said time; that since the twenty-ninth day of May, 1916, the plaintiff has used the said trade name "German Toast" upon the wrappers inclosing its product, together with a pictorial representation on said wrappers as

shown in the exhibit attached to the complaint; that the plaintiff and its predecessors have been the exclusive owners of said trade name since March 20, 1913, and have used said trade name to designate the origin and ownership of the manufacturer and to designate the bread manufactured by it in its said business, and that prior to the use of said trade name by plaintiff, the same had never been used by any other person, firm, or corporation; that by reason of plaintiff's long experience and great care in its business of manufacturing the said bread, and by reason of the good and useful quality of said article, the same became, and was at the time of the grievance set forth in the complaint, widely known under the said trade name to the community, as a valuable and useful article, and had acquired a high reputation as such, and commanded an exclusive sale at the city of Los Angeles and elsewhere, which sale was the source of great profit to plaintiff; that on or about the third day of June, 1916, notwithstanding the long and quiet use enjoyed by plaintiff of said trade name, the defendant, well knowing plaintiff's right to the same, willfully, wrongfully, and unlawfully, disregarding the rights of the plaintiff herein and with intent to injure and destroy the business of the plaintiff, prepared and offered for sale and sold an article of bread in imitation of plaintiff's bread, and with intent to deceive and defraud the public and the buyers and consumers of plaintiff's bread and to defraud the plaintiff, caused the said bread to be wrapped in paper wrappers similar in size and shape to those used on plaintiff's bread, and caused the same to be labeled with a similar device, a label upon which is inscribed the name "German Toast," etc., as shown by exhibit attached to the complaint. The labels used by the plaintiff and defendant, as appears from the exhibits, are of the same general size and shape and on each appears the words "German Toast," in precisely the same style of printing and of precisely the same size, with the capital letters blocked in the same manner and the words underlined alike. We consider it unnecessary to discuss here in detail the points of similarity in the labels and the particulars in which they differ. It is not necessary that the defendant should have duplicated the label used by the plaintiff before relief may be had. (*Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, [50 Am. St. Rep. 57, 30 L. R. A. 182, 42

Pac. 142].) [2] Under the admissions hereinbefore enumerated and the exhibits in evidence, we think the court should have found that the plaintiff had acquired the right to the use of the term "German Toast" as a trade name for its bread as against the defendant, and that the defendant was guilty of unfair competition in the use of its said label upon its bread. Under such circumstances, an injunction should have been granted restraining the defendant from using the said wrapper on the bread manufactured and sold by it. (*Banzhaf* v. *Chase*, 150 Cal. 180, [88 Pac. 704]; *Modesto Creamery Co.* v. *Stanislaus etc. Co.*, 168 Cal. 289, [142 Pac. 845].)

[3] The respondent urges in its brief as a reason why the case should not be reversed that it has already abandoned the use of the wrapper in question. The record contains no such information, but a voluntary abandonment would not afford the plaintiff adequate relief, as the defendant might later decide to resume the use of the label. If the label has been abandoned in good faith and for all time, an injunction can do the defendant no harm, and it is a protection to which we deem the plaintiff entitled.

The judgment is reversed, with directions to the trial court to grant an injunction restraining the use by the defendant of the label involved here.

Brittain, J., and Nourse, J., concurred.