[Civ. No. 2994. First Appellate District, Division One.—October 15, 1919.]

EXCELSIOR CEREAL MILLING COMPANY (a Corporation), Appellant, v. TAYLOR MILLING COMPANY (a Corporation), Respondent.

[1] Trade Name—Duplication of—Injunction—Pleading—Proof.—Upon proper averments and proof of fraudulent intent and conduct on the part of a defendant in so duplicating the plaintiff's product or imitating the name or content of its wares, or the place or places of sale, as to deceive the public into the notion that it was in fact entering the plaintiff's store or buying the plaintiff's goods, a court of equity will enjoin the further pursuit of such fraudulent purpose and practices.

[2] Id.—Similarity of Names—Unfair Trade Dealings by Competitor—Essentials to Relief.—Where the plaintiff has no exclu-

1. Similarity of name as constituting infringement of trademark or trade name, note, Ann. Cas. 1915B, 327.

2. Use of personal or corporate trade name as unfair competition, notes, 2 Ann. Cas. 415; 16 Ann. Cas. 596.

sive right by way of trademark in the use of a particular name or term in the description of his business or product, he may not rely upon the mere similarity of names or terms employed by a competitor to establish fraud or justify an injunction, but in order to obtain such relief, the plaintiff in such case must aver and prove such a condition of unfair trade dealing on the part of the competitor in the way of duplication, imitation, advertising, and soliciting as would amount to a showing of willful fraud, imposition, and deceit.

[3] Id.—Use of Word "Flapjack"—Action for Injunction—Insufficiency of Complaint.—In this action by a milling company whose product was put forth under the name of "California Flapjack Flour" to restrain the use by the defendant of the name "Flapjack" in connection with the product which the latter put forth under the names, "Los Angeles Best Self-rising Flap-jack Flour," and "Taylor's Improved Flapjack Flour," the complaint failed to state a cause of action, there being no showing of any attempt on the part of the defendant to deceive the public by a duplication of names, or that the defendant in placing its product upon the market under such distinctive names had done anything in the way of duplicating the wrappings or imitating the packages containing the plaintiff's wares, or of doing anything whatever in the way of advertising or soliciting which would have a tendency to deceive or mislead the purchasing public into the impression that they were buying the plaintiff's wares.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Donald Barker, James M. O'Brien and Arthur R. Smiley for Appellant.

Kenton A. Miller for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant after an order sustaining its demurrer to the plaintiff's complaint, the latter having declined to amend.

The facts of the case as set forth in said complaint are briefly these: In the year 1907, and long prior thereto, the

---

3.  Fraudulent intent as necessary element of unfair competition or infringement of trademark, note, 3 Ann. Cas. 32.

Del Monte Milling Company was engaged in the manufacture and sale of food products throughout California and adjacent states, in the course of which it had discovered a process for the blending of different kinds of flour so as to produce a compound to be used in the making of pancakes, waffles, etc., and which it had introduced to the trade and largely sold under the name of "California Flapjack Flour." In 1907 the Del Monte Milling Company sold to the plaintiff the exclusive right to use this process in the manufacture of said compound for sale in certain of the southern counties of California and in the states of Nevada and Arizona. The plaintiff thereupon began the manufacture and sale of the product under the name of "California Flapjack Flour," and have since continued so to do, and have expended large sums in advertising said product under said name, and have built up an extensive trade therein. It is also alleged that because of the long-continued use of said name the word "Flapjack" therein has come to be understood by consumers and by the public and the trade generally to mean and apply to the particular brand of self-raising flour which the plaintiff was making and selling under said name, and that in fact up to the year 1914 no other like article of food had been put upon the market or sold within said territory under the name of "Flapjack" or "Flapjack Flour." The complaint then proceeds to allege that in the year 1914 the defendant began the manufacture and sale of self-raising flour, to which at first it gave the name of "Pancake Flour," but a year later this name was changed, and the defendant began to put forth its said product under the names of "Flapjack Flour," "Los Angeles Best Self-rising Flapjack Flour" and "Taylor's Improved Flapjack Flour," and to sell the same within said territory under said names, and that many persons have bought the defendant's said products under the belief that they were obtaining the plaintiff's product, and have thereby been deceived to the plaintiff's injury and loss. The complaint prays for an injunction against the defendant restraining it from the use of the name "Flapjack" in connection with the product which the latter puts forth.

The defendant's demurrer was general and the trial court sustained it upon the broad ground that said complaint did

43 Cal. App.—38

not set forth facts sufficient to constitute a cause of action. The correctness of this ruling is assailed upon this appeal.

We are of the opinion that the trial court was not in error in its said ruling. The appellant concedes that the word "Flapjack" and the phrase "Flapjack Flour" are generic terms, which could not be made the subject of prior or exclusive appropriation as or by means of a trademark, and the plaintiff lays no claim to the possession of any exclusive right thereto or to the use thereof upon that ground. This phase of the case being disposed of by this admission, the only remaining basis upon which the plaintiff could predicate a claim of right to prevent the defendant's use of said terms in marketing its own product would be that by such appropriation and use of said terms the defendant was indulging in a fraudulent practice to the plaintiff's injury which it would be the duty of a court of equity to enjoin.

[1] There can be no question but that upon proper averments and proof of fraudulent intent and conduct on the part of a defendant in so duplicating the plaintiff's product or imitating the name or content of its wares, or the place or places of sale, as to deceive the public into the notion that it was in fact entering the plaintiff's store or buying the plaintiff's goods, a court of equity will enjoin the further pursuit of such fraudulent purpose and practices. The leading case in this state upon that subject is the case of *Weinstock-Lubin Co.* v. *Marks,* 109 Cal. 529, [50 Am. St. Rep. 57, 30 L. R. A. 182, 42 Pac. 142], in which the supreme court, in a very full and well-reasoned opinion, lays down the law of such a case. [2] On the other hand, it is equally well settled by the case of *Dunston* v. *Los Angeles Van & Storage Co.,* 165 Cal. 89, [131 Pac. 115], that where the plaintiff has no exclusive right by way of trademark in the use of a particular name or term in the description of his business or product, he may not rely upon the mere similarity of names or terms employed by a competitor to establish fraud or justify an injunction, but that in order to obtain such relief the plaintiff in such a case must aver and prove such a condition of unfair trade dealing on the part of the competitor in the way of duplication, imitation, advertising, and soliciting as would amount to a showing of willful fraud, imposition, and deceit. The case of *Italian-Swiss Colony* v. *Italian Vineyard Co.,* 158 Cal. 252, [32

L. R. A. (N. S.) 439, 110 Pac. 913], is also instructive upon this subject, the court therein holding that in the absence of a right in the plaintiff to the use of a particular name or term as a trademark the law will only afford him protection against the unfair competition of one who seeks by imitation of label or package or other artifice to induce persons to deal with him in the belief that they are dealing with the plaintiff or buying his wares. "If," as the court says, "the defendant can be shown to have put up his product with the intent to palm it off as that of the plaintiff, and if it does in fact tend to mislead the purchasing public, a case is made out, even though the plaintiff has shown no exclusive right in any trademark or trade name."

[3]   An examination of the plaintiff's complaint herein in the light of these cases will disclose how far short it comes of measuring up as to its facts with the case of *Weinstock-Lubin Co.* v. *Marks, supra,* and also how far it fails to bring the plaintiff's case within the law as laid down in the two later cases above cited.   While it is true that the defendant does make use of the old and familiar word "Flapjack," already in use by the plaintiff in relation to its own product, it does not otherwise make any attempt to deceive the public by a duplication of names.   The plaintiff's article of merchandise is put forth under the name of "California Flapjack Flour."   The defendant's product is marked under the names "Los Angeles Best Self-rising Flapjack Flour" and "Taylor's Improved Flapjack Flour."   Not only is there thus displayed the very opposite of an intent to deceive in the matter of names, but in addition to this the plaintiff makes no pretense at any showing that the defendant, in placing its product upon the market under these distinctive names, has done anything in the way of duplicating the wrappings or imitating the packages containing the plaintiff's wares, or of doing anything whatever in the way of advertising or soliciting which would have a tendency to deceive or mislead the purchasing public into the impression that they were buying the plaintiff's wares.   Clearly, in the absence of such essential averments it fails to state a cause of action.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1920.

Angellotti, C. J., Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.

Melvin, J., was absent.

Shaw, J., dissented from the order denying a hearing in the supreme court and on December 13, 1919, rendered the following opinion thereon:

SHAW, J., Dissenting.—I dissent from the order denying a rehearing and refusing a ·transfer of this case to the supreme court.

The case comes directly within the principle established by this court in *Weinstock, Lubin & Co.* v. *Marks*, 109 Cal. 529, [50 Am. St. Rep. 57, 30 L. R. A. 182, 42 Pac. 142], and *Banzhaf* v. *Chase*, 150 Cal. 180, [88 Pac. 704]. The principle is that one who, with intent to defraud the plaintiff, uses any artifice, device, or label on his own goods to deceive the plaintiff's customers into the belief that they are buying the plaintiff's goods and thereby induces them to buy the defendant's goods, he is liable in damages for the injury thus caused to the trade of the plaintiff. The complaint in the present case sets forth facts which bring it within this principle. The device used was putting a label, including the word "Flapjack" on the defendant's flour, whereby it led plaintiff's customers to believe they were purchasing flour sold by the plaintiff under that label. The error in the opinion is in assuming that this device could not, as a matter of law, have deceived the plaintiff's customers. The complaint alleges that it did, and the court should not, and could not, properly hold that this allegation is on its face impossible. It might not deceive all persons, but the case is made out if it deceives a sufficient number to constitute a substantial injury to plaintiff's trade and the deceit was practiced with the intent to defraud plaintiff. The allegation is sufficient and the fact could only be determined by the evidence. The case involved nothing more than the sufficiency of the allegations.